**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 21-02111-HB |
| Kevin Dean Twitty, | Chapter 13 |
| Debtor(s). | **ORDER OVERRULING OBJECTION TO CLAIM & DENYING CONFIRMATION** |

**THIS MATTER** came before the Court for a hearing on February 17, 2022, to consider Debtor Kevin Dean Twitty's Objection to Claim of Creditor Avail Holding LLC[1] and confirmation of the plan filed on December 13, 2021.[2] Creditor filed a Response to the Objection.[3] Present at the hearing were counsels for the Debtor and Creditor as well as the Chapter 13 Trustee; the Debtor was not present. The exhibits attached to the Joint Statement of Dispute were admitted into evidence.[4] After considering the evidence presented, applicable law, and arguments of the parties, the Court finds as follows.

## BACKGROUND

In 2013, Debtor and Kimberly Twitty executed a promissory note in the principal amount of $29,808.43, and Debtor executed a mortgage in favor of Synovus Bank secured by 119 Pine Ridge Drive, Kershaw, Lancaster County, South Carolina 29067 ("Property"). The note provides:

> On or after Default, to the extent permitted by law, [Debtor] agree[s] to pay all reasonable expenses of collection, enforcement, or protection of [Synovus's] rights and remedies under this Loan Agreement. **Expenses include, but are not limited to, attorneys' fees not to exceed 15% of the unpaid debt after default and referral to an attorney…, court costs and other legal expenses.** These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the rate provided in the terms of this Loan Agreement. All fees and expenses will be secured by the Property[.]

---
[1] ECF No. 29, filed Dec. 13, 2021.
[2] ECF No. 32.
[3] ECF No. 34, filed Jan. 12, 2022.
[4] ECF No. 47, filed Feb. 16, 2022.

> … To the extent permitted by the United States Bankruptcy Code, [Debtor] agree[s] to pay the reasonable attorneys' fees [Synovus] incur[s] to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

(emphases added). The mortgage provides that if the Debtor defaults:

> [Debtor] agrees to pay all costs and expenses incurred by [Synovus] in collecting, enforcing or protecting [Synovus's] rights and remedies under [the mortgage]. **This amount may include, but is not limited to, reasonable attorneys' fees of not more than 15% of the unpaid debt when it is referred for collection to an attorney…, court costs, and other legal expenses allowed by law.**

(emphasis added). The note and mortgage were assigned to Creditor.

Prior to the note maturing in February 2020, Debtor defaulted on payments beginning in December 2019. On January 4, 2021, Creditor initiated a foreclosure action in the Lancaster County Court of Common Pleas, C/A No. 2021-CP-29-00007. The foreclosure action also requested a declaratory judgment that the Debtor is the sole owner of the Property because the Debtor's deed failed to include the Notary Public's notary seal and the commission expiration date as required by S.C. Code Ann. § 26-1-90(B)(3). A guardian *ad litem* was appointed to represent the interests of any unknown or incompetent defendants who may have had an interest in the Property by virtue of the defective deed. The Debtor did not appear in that action, and the state court entered an Order and Judgment of Foreclosure and Sale ("State Court Order"). The State Court Order ruled in favor of Creditor on the declaratory judgment cause of action and found, *inter alia*, that the total debt owed to Creditor was $31,525.04, which included foreclosure costs of $4,052.17 and attorney's fees of $3,100.00. The State Court Order specifically held that given "the potential liabilities inherent in a foreclosure matter, the attendant responsibilities and the outcome obtained for [Creditor], I find that the contractual attorneys' fees in the amount of Three Thousand One Hundred Dollars and No Cents ($3,100.00) are reasonable."

Debtor filed for Chapter 13 relief on August 16, 2021. Creditor did not receive notice of the bankruptcy filing before the Property was sold to a third party by foreclosure sale that same

date. Following entry of the State Court Order, Creditor incurred additional costs and fees in connection with the foreclosure sale and promptly vacating the sale.

Creditor filed a secured claim on August 23, 2021, in the amount of $33,177.08, including attorney's fees and costs. Attached to the claim are the loan documents and a loan history from the first date of default, which includes an itemization of attorney's fees and costs incurred in connection with the foreclosure action and sale. The Affidavit of Attorney Fees and Costs submitted in support details the $3,615.00 in attorney's fees and $5,333.42 in costs incurred by the Creditor in this matter. Debtor objects to both the attorney's fees and costs awarded in the State Court Order and additional fees and costs incurred thereafter. Debtor argues the claim should be reduced because the attorney's fees and costs are unreasonable, not adequately documented, and exceed the 15% limit on attorney's fees provided by the note and mortgage.

Debtor's plan proposes to pay Creditor's claim in full without valuation but estimates the claim at $31,525.04.  The Chapter 13 Trustee represented that if Creditor's claim is allowed as filed, the plan does not propose sufficient funding to pay this and other claims.

## DISCUSSION AND CONCLUSIONS

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (L) and this Court may enter a final order.

Bankruptcy Rule 3001 requires that "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1).  "If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." Fed. R.

Bankr. P. 3001(c)(2)(A). When a claim is executed and filed in accordance with the Bankruptcy Rules, Rule 3001(f) provides that it "shall constitute *prima facie* evidence of the validity and amount of the claim."

> The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b) . . . The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr. P. 9017; Fed. R. Evid. 301 . . . If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) (footnote and citations omitted).

Debtor objects to the allowance of two sets of attorney's fees and costs included in the Creditor's claim. First, Debtor asserts the attorney's fees and costs associated with the foreclosure action were unreasonable and should be disallowed; however, reconsideration of the state court order is inappropriate under the *Rooker-Feldman* doctrine. The following must be met for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments." *Anderson v. Cordell (In re Infinity Bus. Grp., Inc.)*, 497 B.R. 495, 500 (Bankr. D.S.C. 2013) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Additionally:

> [C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594-95, 206 L. Ed.2d 893 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). "Generally, the preclusive

4

effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). In South Carolina, *res judicata* "requires a showing of three essential elements: (1) the prior judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matters properly included in the first action." *Wright v. Marlboro Cnty. Sch. Dist.*, 317 S.C. 160, 163, 452 S.E.2d 12, 14 (Ct. App. 1994) (citation omitted). "It is well-established that default judgments may be entitled to a preclusive effect under the theory of *res judicata*." *In re Pujdak*, 462 B.R. 560, 568-69 (Bankr. D.S.C. 2011) (citing *Riehle v. Margolies*, 279 U.S. 218, 225, 49 S. Ct. 310, 313, 73 L. Ed. 669 (1929)).

In the present matter, the elements of the *Rooker-Feldman* doctrine are met: the state court found the attorney's fees and costs incurred in connection with the foreclosure action were reasonable and this Court is without authority to question that determination. The elements of *res judicata* are also met: the State Court Order was final; the parties are identical, notwithstanding that there were additional defendants in the foreclosure action, *see Machado v. Davis*, C/A No. 4:11-1758-KDW, 2012 WL 4051123, at *7 (D.S.C. Sept. 13, 2012) ("A prior judgment may operate as an estoppel even though the action in which it was rendered included additional parties not joined in the subsequent suit." (citation omitted)); and the reasonableness of Creditor's attorney's fees and costs were properly included in the foreclosure action and determined in the State Court Order. Accordingly, Debtor is barred from challenging the attorney's fees and costs previously awarded by the state court.

Second, Debtor asserts the attorney's fees and costs incurred after the State Court Order are unreasonable and should be disallowed. Creditor's claim, which includes fees and costs

5

associated with conducting and vacating the foreclosure sale, complies with Rule 3001(c). Therefore, it constitutes *prima facie* evidence of its validity and amount and the burden shifts to Debtor to present evidence to rebut the claim's presumptive validity. Debtor did not present any evidence to demonstrate the attorney's fees and/or costs incurred after the State Court Order were unreasonable or that the fees exceed any limit set forth in the note and mortgage. Debtor's Objection must be overruled, and the claim allowed as filed. Consequently, Debtor's plan is not confirmable because it proposes to pay less than Creditor's secured claim amount.

**IT IS, THEREFORE, ORDERED:**

1. Debtor Kevin Dean Twitty's Objection to Claim of Avail Holding LLC is overruled and the claim is allowed as filed;

2. Confirmation of the plan filed December 13, 2021, is denied; and

3. Debtor shall file a modified plan in accordance with SC LBR 3015-2 within **fourteen (14) days** from the entry of this Order.

**FILED BY THE COURT**
**03/02/2022**



Entered: 03/02/2022

Chief US Bankruptcy Judge
District of South Carolina